IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Anthony Robert Taylor, #197565, ) | |
| ) | Civil Action No. 6:07-1814-HMH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Cecilia Reynolds, Warden of ) | |
| Kershaw Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently incarcerated in the South Carolina Department of Corrections at the Kershaw Correctional Institution pursuant to orders of commitment from the Richland County Clerk of Court. On June 19, 1996, a jury convicted the petitioner of possession with intent to distribute marijuana and distribution of marijuana. The trial judge sentenced the petitioner to 20 years imprisonment for the possession with intent to distribute charge, and 10 years, consecutive, for distribution. The

petitioner is currently serving the sentence imposed in 1996.[1]  The petitioner does not, however, challenge that conviction in the instant action; rather, he seeks to challenge a prior conviction from 1987 (pet., p. 1, para. 5).

The petitioner was indicted in June 1987 for possession with intent to distribute marijuana.  The petitioner entered a guilty plea on October 8, 1987, and was sentenced to five years imprisonment.  The petitioner did not appeal.

On February 12, 2004, the petitioner filed an application for post-conviction relief ("PCR"), making the following allegations of error:

(1)   Ineffective assistance of counsel;

(2)   Prosecutorial misconduct;

(3)   This was not a drug conviction, but was used to enhance current conviction illegally.

(2/12/04 PCR application, p. 3).[2]

The State made its return on July 20, 2004, and moved to dismiss the action as untimely under the state statute of limitations and barred by the doctrine of laches.  On or about November 2, 2004, the petitioner objected to the summary dismissal, arguing that he should be entitled to attack the conviction as it was used in enhancement of his 1996 conviction.  The Honorable James R. Barber issued a conditional order of dismissal on November 5, 2004.  The Honorable J. Ernest Kinard, Jr., issued a final order of dismissal on September 16, 2005.

Before the issuance of the final order, the petitioner sought to appeal the denial of relief anticipated in the conditional order, by notice of appeal served on December 14,

---

[1] That conviction was the subject of a prior federal habeas action. See C/A No.: 6:03-257-20AK. The Honorable Henry M. Herlong, Jr., United States District Judge, denied relief on July 22, 2003. Further, the Fourth Circuit Court of Appeals denied a COA on December 4, 2003. See 03-7195.

[2] The petitioner submits that he did file a PCR action, and specifically references case numbers 04-CP-40-682 and 684 (pet. pp. 6-7). Case number 04-CP-40-682 did not reference the 1987 conviction.

2

2004. The Supreme Court of South Carolina dismissed the premature appeal in that case, along with the premature appeal in C/A No. 2004-CP-40-682 (that challenged the use of another prior conviction), by order dated December 28, 2004. The final order in 2004-CP-40-682 was issued on February 28, 2005. The petitioner served another notice on March 9, 2005, referencing both actions again. However, the final order in the instant case was not issued until September 16, 2005. While an appeal was perfected in 682, there does not appear to be any action taken in regard to 684. Therefore, it does not appear that the petitioner appealed the denial of relief.[3]

In his petition for relief now before this court, the petitioner raises the following allegation regarding his 1987 conviction (verbatim):

> **Ground one:** That the trial court judge abused his discretion when he use Petitioner 1987 Prior conviction and sentence for purpose of enhancement to increase punishment.
>
> **Supporting facts:** The Petitioner asserts that he has been prejudice by the unconstitutional use of his 1987 Prior Conviction for enhancement purpose and that he is still sufferring an continuing effect from the unconstitutional use of the 1987 Prior, and he was entitled to collaterally attack his prior conviction usages, where there is no statute of limitations period mention in the statute as to a limit for challenging usage of prior, not with standing any Procedure bar where the 1987 Prior Marijuana was not a narcotic drugs at the time and our State Supreme Court has rule that marijuana cannot be use to enhance a narcotic drugs offense since marijuana has became a narcotic, 1996 was unconstitutional usage.

On November 26, 2007, the respondent filed a motion for summary judgment. By order filed November 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. After being granted

---

[3] It appears from entries maintained in the South Carolina Supreme Court Clerk's Office that no further action was taken on the 684 appeal after the appeal with dismissed as premature on December 28, 2004.

3

two extensions of time, the petitioner filed his opposition to the motion for summary judgment on January 15, 2008, along with his own motion for summary judgment. The respondent filed a reply to the petitioner's response on January 28, 2008, and responded to the petitioner's motion for summary judgment on February 4, 2008. On February 20, 2008, the petitioner filed both a sur-reply to the respondent's reply filed January 28, 2008, and a reply to the response filed on February 4, 2008.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, U.S.C., Section 2244(d) provides:
>
> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

## **ANALYSIS**

The petitioner contends that the respondent's motion for summary judgment was untimely, and thus it should not be considered by the court. Pursuant to an extension of time order entered by this court, the respondent's return was due on November 23, 2007. However, as pointed out by the respondent, Friday, November 23rd, the day after Thanksgiving, was a state holiday. Accordingly, the response was due on November 26, 2007, the date on which it was filed. *See* Fed.R.Civ.P. 6(a).

As set forth above, the petitioner is currently serving a sentence imposed in 1996. In the instant petition, the petitioner challenges the use of a 1987 conviction[4] in enhancing the sentence imposed in 1996. This court finds that the petitioner therefore satisfies the custody requirement. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-402 (2001) ("[The petition] can be (and has been) construed as 'asserting a

---

[4] In another habeas petition before this court, the petitioner challenges the use of his 1993 conviction in enhancing the sentence imposed in 1996. *See Taylor v. Reynolds*, C.A. No. 6:07-1696-HMH-WMC.

5

challenge to the [current sentence], as enhanced by the allegedly invalid prior conviction." . . . . Accordingly, [the petitioner] satisfies § 2254's 'in custody' requirement."). However, the petitioner has previously filed a habeas petition attacking his 1996 conviction and sentence. The Honorable Henry M. Herlong, Jr., United States District Judge, denied relief on that petition on July 22, 2003. *Taylor v. Rushton*, 6:03-cv-257-HMH. Title 28, United States Code, Section 2244 governs the propriety of filing successive applications. The statute provides in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that the petitioner has properly requested permission to file a second application for habeas relief. Further, the issue as presented is based on facts known or knowable by the petitioner at the time of the prior filing, and thus it would be unlikely that such permission to file a second application for habeas relief would be given. *See* 28 U.S.C. § 2244(b)(2).

Even if the petitioner was granted permission to file a second application for habeas relief, he has failed to state a claim upon which relief may be granted. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the United States Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-404 (citations omitted). The Court set out narrow exceptions for allowable challenges to a prior conviction used to enhance a current sentence: 1) a showing by the

petitioner that the "prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment"; or 2) a showing by the petitioner that the delay was not attributable to the petitioner, such as showing an impediment created by State action or showing recently discovered evidence of the defendant's actual innocence. *Id.* at 404-405. The petitioner qualifies for neither exception.

The indictment clearly indicates that attorney Horace Smith represented the petitioner on the prior charge. In fact, in his state action, the petitioner conceded he was so represented, and named Mr. Smith (November 2, 2004, *Pro Se* Motion in Opposition, 04-CP-40-684, p. 1). Further, the petitioner makes no argument as to the cause of the delay. To the contrary, he simply argues the prior conviction should not have been used to enhance the sentence as his conviction did not involve a narcotic drug (am. habeas petition at 6). As noted by the respondent, this argument itself makes no sense given that the only drug convictions involved are for marijuana drug offenses. This argument does not actually challenge the 1987 conviction at all, much less argue there was some "impediment" to the filing. Having failed to show that he qualifies for either of the two exceptions, the petitioner fails to state a claim upon which relief may be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 23) be granted and the habeas petition be dismissed. Further, this court recommends that the petitioner's motion for summary judgment (doc. 33) be denied.

s/ William M. Catoe
United States Magistrate Judge

April 17, 2008
Greenville, South Carolina

7