IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anthony Robert Taylor, #197565, | ) | |
| | ) | C.A. No. 6:07-1814-HMH-WMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cecilia Reynolds, Warden of Kershaw | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1]  Anthony Robert Taylor ("Taylor") is a pro se prisoner attacking his 1996 conviction for possession with intent to distribute marijuana and distribution of marijuana pursuant to 28 U.S.C. § 2254.[2]  In his Report and Recommendation, Magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

[2] Although Taylor seeks to challenge a previous 1987 conviction for possession with intent to distribute marijuana in his § 2254 petition, the prisoner completed serving his sentence for the 1987 conviction sometime before 1993 and prior to filing the instant petition.  Therefore, the Magistrate Judge construed the instant petition as one challenging his current sentence imposed in 1996, as enhanced by the allegedly invalid prior 1987 conviction.  See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001).  Otherwise, Taylor would not have satisfied the custody requirement of § 2254(a).  This is further supported by Taylor's ground for relief, which is "that the trial court judge abused his discretion when he used petitioner's 1987 prior conviction and sentence for purpose of enhancement to increase punishment." (Taylor's § 2254 Pet. 5.)

1

Judge Catoe recommends granting the Respondent's motion for summary judgment, denying Taylor's motion for summary judgment, and dismissing Taylor's habeas petition as successive pursuant to 28 U.S.C. § 2244(b)(2). (Report and Recommendation 6.) In addition, the Magistrate Judge found that even if Taylor were granted permission to file a second petition for habeas relief, he has failed to state a claim upon which relief may be granted. (Id. 6-7.)

Taylor filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Taylor's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

Taylor asserts that he "has not filed a successive application without the necessary prior authorization of the Fourth Circuit Court of Appeals." (Objections 62.) However, he provides no evidence that he has received such authorization. Further, Taylor does not specifically object to the Magistrate Judge's finding that even if he had received authorization, he has failed to state a claim upon which relief can be granted. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that Taylor's motion for summary judgment, docket number 33, is denied. It is further

**ORDERED** that the Respondent's motion for summary judgment, docket number 23, is granted and Taylor's § 2254 petition is dismissed.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
May 16, 2008

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.